UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| BRANDON L BALDWIN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-00823-JMS-DML |
| MICHAEL WITTL, *et al.* | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants' Motions to Dismiss for failure to prosecute and for failure to comply with the Court's orders, [Filing No. 57; Filing No. 61; Filing No. 63], and the Court's Order to Show Cause, [Filing No. 62]. For the reasons described below, the Court **GRANTS** Defendants' Motions and concludes that Plaintiff Brandon Baldwin's Complaint must be dismissed with prejudice.

## I.
### BACKGROUND

On March 17, 2017, Mr. Baldwin filed his Complaint in this Court, alleging a variety of claims stemming from an incident at a Menards store in which he was falsely accused of shoplifting. [Filing No. 1.] Mr. Baldwin's Complaint invoked this Court's federal question jurisdiction, alleging that Defendant Michael Wittl, the police officer who responded to the report of shoplifting, violated the U.S. Constitution by using excessive force in detaining Mr. Baldwin. [Filing No. 1 at 8-11]; *see* 28 U.S.C. § 1331. Mr. Baldwin also alleged state-law claims against the remaining Defendants, Blue Line LP, Inc. ("Blue Line"), Benjamin Polley, and Menard, Inc. ("Menards"), for their roles in causing Mr. Baldwin to be detained and for later talking about the

incident to other patrons. [Filing No. 1 at 6-8; Filing No. 1 at 11-12.] These claims invoke the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Menards has filed a Crossclaim against Blue Line, [Filing No. 15 at 9-10], and a Third-Party Complaint against Scottsdale Insurance Company, [Filing No. 15 at 11-12], also invoking supplemental jurisdiction.[1]

The Case Management Plan entered in this matter required Mr. Baldwin to file his preliminary witness and exhibit lists on or before August 17, 2017. [Filing No. 36 at 4.] Mr. Baldwin failed to file the required witness and exhibit lists.

On September 15, 2017, Mr. Wittl moved to compel Mr. Baldwin to respond to interrogatories and requests for production. [Filing No. 51.] Mr. Wittl stated that he had served the discovery requests on July 18, 2017 and that Mr. Baldwin's responses were due no later than August 28, 2017 by agreement of the parties. [Filing No. 51 at 2.] Mr. Baldwin did not respond to Mr. Wittl's Motion to Compel, and on October 16, 2017, the Court granted Mr. Wittl's Motion. [Filing No. 54.] The Court ordered Mr. Baldwin to serve his overdue discovery on or before October 30, 2017. [Filing No. 54 at 2.] On November 3, 2017, Mr. Wittl filed a Notice of Plaintiff's Non-Compliance, notifying the Court that Mr. Baldwin had not served his overdue discovery as required by the Court's Order. [Filing No. 55.]

On December 5, 2017, Mr. Wittl filed a Motion to Dismiss, arguing that the Court should dismiss Mr. Baldwin's Complaint for failure to comply with the Court's Order compelling discovery and for failure to prosecute. [Filing No. 57.] The other Defendants filed motions to join in Mr. Wittl's Motion to Dismiss on December 22, 2017, [Filing No. 57], and on January 8, 2018,

---

[1] Menards' Crossclaim and Third-Party Complaint do not allege facts that would establish diversity and otherwise fail to invoke an independent basis for the Court's jurisdiction, leading the Court to conclude that Menards has relied upon the Court's supplemental jurisdiction for its claims.

2

[Filing No. 63]. Defendants all claim that they have been prejudiced by Mr. Baldwin's failure to participate in discovery. Mr. Baldwin has not responded to any of these Motions.

On December 21, 2017, the Magistrate Judge held a telephonic status conference with the parties. [*See* Filnig No. 59; Filing No. 62.] Counsel for Mr. Baldwin failed to appear. [Filing No. 62 at 1.] On December 26, 2017, the Magistrate Judge ordered counsel for Mr. Baldwin to show cause within seven days why he should not be sanctioned for failing to appear for the status conference. [Filing No. 62 at 1.] Mr. Baldwin's counsel did not respond to the Magistrate Judge's Order to Show Cause. Mr. Baldwin's last action in this lawsuit occurred on July 24, 2017, when he filed a Notice of Service of Initial Disclosures. [Filing No. 40.]

## II.
### DISCUSSION

The Federal Rules of Civil Procedure permit the sanction of dismissal for failure to comply with court orders. Rule 37(b)(2) provides that the Court may issue a variety of sanctions for failure to "obey an order to provide or permit discovery," including "dismissing the action or proceeding in whole." Fed. R. Civ. P. 3(b)(2)(A). Rule 41(b) explains that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The decision to dismiss a lawsuit, either as a sanction for failure to comply with discovery orders or for failure to prosecute, is committed to the sound discretion of the District Court. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016); *McInnis v. Duncan,* 697 F.3d 661, 664 (7th Cir. 2012) (per curiam). Dismissal is regarded as drastic sanction, appropriate when "there is a clear record of delay or contumacious conduct," such as a pattern of failure to comply with Court orders. *McInnis*, 697 F.3d at 664 (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). While the Court should "consider less severe sanctions before

3

dismissing for failure to prosecute," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *Id.* at 665 (collecting cases). Dismissal for lack of prosecution generally requires forewarning, which may be provided by an opposing party's motion to dismiss. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006).

That a plaintiff's attorney, rather than the client, may be responsible for the conduct leading to dismissal does not change the analysis. "The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." *United States v. 7108 W. Grand Ave., Chi., Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). The attorney's "[m]alpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary." *Id.* at 633.

The record here evinces a long pattern of failure to comply with the Court's orders. Mr. Baldwin last filed a document in this matter on July 24, 2017. [Filing No. 40.] Since that time, Mr. Baldwin has failed to comply with the Court's Order compelling discovery, [Filing No. 54], failed to respond to three Motions to Dismiss, [Filing No. 57; Filing No. 61; Filing No. 63], failed to appear for a telephonic status conference, [Filing No. 62], and failed to respond to the Court's Order to Show Cause, [Filing No. 62]. Defendants' Motions to Dismiss, the first of which was filed on December 5, 2017, explicitly put Mr. Baldwin on notice that they would seek dismissal as a sanction for failure to prosecute and to comply with Court orders. [Filing No. 57; Filing No. 61; Filing No. 63.]

Under these circumstances, a sanction short of dismissal would not suffice because, as shown by the record in this matter, neither the Court's orders nor the parties' motions have succeeded in getting Mr. Baldwin's attention. In short, Mr. Baldwin has had multiple opportunities to participate in this litigation and has failed to do so. The Court has no reason to believe that any

other sanction would trigger a different response. Finally, the fact that Mr. Baldwin's failure to participate may be due to the inattentiveness of counsel "does not justify prolonging [this] litigation," as Mr. Baldwin is bound by the actions (or inaction) of his counsel. *7108 W. Grand Ave.*, 15 F.3d at 633. Therefore, the Court concludes that dismissal with prejudice is appropriate under Rule 37(b)(2)(A) and Rule 41(b).

### III.
#### CONCLUSION

Dismissal is a drastic sanction. But it is appropriate where, as here, the plaintiff fails to abide by the Court's orders and participate in the litigation. The Court therefore **GRANTS** Defendants' Motions to Dismiss, [57], [61], & [63] and **DISMISSES** Mr. Baldwin's Complaint **WITH PREJUDICE**. The Court further **RELINQUISHES** supplemental jurisdiction over Menards' state-law claims and **DISMISSES** Menards' Crossclaim and Third-Party Complaint **WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1367(c)(3).

Final judgment will issue accordingly.

Date: 1/25/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**